Dear Mr. Theriot:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion concerning the use of irrevocable trusts by state and local governmental entities in order to achieve compliance with the requirements of the Governmental Accounting Standards Board (GASB) Statement.
Your request indicates that the GASB is the governing body that promulgates reporting standards for state and local governments. Further, GASB Statement 45 addresses the issue of accounting for non-pension related benefits to government retirees. In the Glossary of GASP Statement 45, the term "Employer's contributions" is defined as follows:
 "Contributions made in relation to the annual required contributions of the employer (ARC). An employer has made a contribution in relation to the ARC if the employer has (a) made payments of benefits directly to or on behalf of a retiree or beneficiary, (b) made premium payments to an insurer, or (c) irrevocably transferred assets to a trust, or equivalent arrangement, in which plan assets are dedicated to providing benefits to retirees and their beneficiaries in accordance with the terms of the plan and are legally protected from creditors of the employer(s) or plan administrator." (Emphasis Added.)
Within the context of GASB Statement 45, you specifically ask for our opinion on the following question: *Page 2 
 Do state and local governmental entities have the authority to set up irrevocable trusts that hold monies for future payments of benefits, or is statutory authority required?
Pursuant to this question, your request indicates that you have examined the following sources:
 1) Louisiana Constitution Article VII, Section 14(B)( 2);
 2) Louisiana Revised Statute 33:2955 A, D, and E;
 3) Louisiana Revised Statutes 11:261, 263, 405; and
 4) Attorney General Opinion No. 95-442.
After review of applicable law and the four (4) sources cited above, we could find no express prohibition against the use of irrevocable trusts to hold monies for future payments of employee benefits.
We agree with your assessment that there appears to be some latitude in the authority to establish irrevocable trusts. Further, we recognize that La.Rev.Stat. 33:2955 specifically gives political subdivisions the authority to invest the funds of the political subdivision. Although the laws governing the fiduciary and investment responsibilities of public entities suggest the need for statutory guidance, we could find no requirement that a specific statute is necessary to allow the use of an irrevocable trust.
Accordingly, it is the opinion of this office that public bodies may independently establish and employ irrevocable trusts that hold monies for future payment of post employment benefits other than pensions, provided those monies are invested in funds permitted by law. We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
 BY:_____________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt